UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| JEREMY LEE SHELTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 20-114-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| AGENT JEFF PRICE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pretrial detainee and Plaintiff Jeremy Lee Shelton is currently incarcerated at the Campbell County Detention Center in Newport, Kentucky.  Proceeding without an attorney, Shelton has filed a civil rights complaint.  [Record No. 3]  By prior order, the Court granted Shelton's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  [Record No. 5]  Thus, the Court now conducts a preliminary review of Shelton's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

At this stage of the proceedings, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  The Court evaluates Shelton's complaint under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  However, the principles requiring

---

[1] A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007).

-1-

generous construction of *pro se* pleadings are not without limits.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007).  While the Court construes *pro se* pleadings with some leniency, "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

Shelton alleges that "[i]n my motion of discovery they put my name birthdate social security number with 16 other inmates and put us all at risk of identity theft." [Record No. 1 at p. 2]  He states that "they" also included his home address, sex, race, eye color, weight, and hair color.  Shelton also alleges that "[t]he Northern Kentucky Drug Strike Force has violated my constitutional rights." [*Id*. at p. 3]  However, when asked to identify the specific rights that he believes the Defendant violated, he states, "[e]xposing my identity to numerous people causing me mental anguish, not knowing what they might do with my identity." [*Id*. at p. 4]  As relief, Shelton requests that he "would like for them not to put other people through this ever again.  They need to be held responsible.  Monetary gain and or my state charges dismissed." [*Id*. at p. 8]

The Court concludes that Shelton's complaint must be dismissed for failure to state a viable claim for relief.  A complaint must set forth claim[s] in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).  *See also* Fed. R. Civ. P. 8.  In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.

Here, Shelton fails to sufficiently allege any claim for relief against the only defendant that he identifies, Agent Jeff Price, as he fails to make any specific allegations against Price at all, choosing instead to vaguely allege that "they" put his identifying information in his "motion of discovery."   Federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).  Moreover, personal liability in a § 1983 action hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights.  *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981).  Indeed, "[e]ven a pro se prisoner must link his allegations to material facts … and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F.3d at 471); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Shelton's complaint makes no allegations at all against Price specifically, much less allege that Price was personally involved in conduct that violated his constitutional rights.  And, to the extent that Shelton alleges that the "Northern Kentucky Drug Strike Force" violated his constitutional rights, the "Northern Kentucky Drug Strike Force" is not a formal organization or legal entity.  Rather, it is an informal arrangement between law enforcement officers and prosecutors in Boone, Kenton, and Campbell Counties.  *See* http://nkdsf.org/index.php/about-nkdsf/history-2/.

-3-

In addition, Shelton fails to allege a violation of his constitutional rights.  Courts reviewing claims of this nature have couched the question in terms of whether the disclosure of assertedly "personal" or "private" information is a violation of a "right to privacy" which may (or may not) be embodied in the Fourteenth Amendment.  On several occasions the United States Supreme Court has assumed that such a right exists (although not without dissent) for purposes of discussion, but has declined repeated invitations to expressly find that the Fourteenth Amendment includes such a right.  *Whalen v. Roe*, 429 U.S. 589, 603-05 (1977); *NASA v. Nelson*, 562 U.S. 134, 147-48 (2011).

Following a similar approach, different federal courts have reached divergent results on the scope of the right of privacy.  Cf. *Nunez v. Pachman*, 578 F.3d 228, 233 (3d Cir. 2009) ("... criminal records, including police reports, indictments, guilty verdicts, and guilty pleas, are inherently public - not private - documents and are thus beyond the purview of the Due Process Clause."); *Dillard v. City of Springdale, Arkansas*, 930 F.3d 935, 941-42 (8th Cir. 2019) (acknowledging existence of right but noting that it extends only to "the most intimate aspects of human affairs."); *Watts v. City of Miami*, No. 15-21271-Civ-Scola, 2016 WL 8939143, at *6 (S.D. Fla. Feb. 22, 2016) ("Courts have found that disseminating personal information including social security numbers, driving history, photographs, vehicle tag numbers, driver's license numbers, personal signatures, home addresses, and birth dates did not violate the right to privacy under the Fourteenth Amendment.") (collecting cases).

The Sixth Circuit "has recognized an informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm, and (2) where the information released was of a sexual, personal, and humiliating

nature." *Wiles v. Ascom Transp. System, Inc.*, 478 F. App'x 283, 295 (6th Cir. 2012) (quoting *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (citations omitted)).   Applying this standard, it has held that a county clerk's public disclosure of a person's social security number on a website did not implicate any privacy interest that is "implicit in the concept of ordered liberty," and thus did not establish a violation of rights protected by the Constitution. *Lambert*, 517 F.3d at 436, 442-46. *See also Barber v. Overton*, 496 F.3d 449, 455-57 (6th Cir. 2007) (release of prison guards' birth dates and social security numbers did not rise to level of constitutional violation); *Cutshall v. Sundquist*, 193 F.3d 466, 481 (6th Cir. 1999) ("the Constitution does not provide Cutshall with a right to keep his registry information private.").

In *Lambert*, the Sixth Circuit explained that, while "as a policy matter, the Clerk's decision to provide unfettered internet access to people's Social Security numbers was unwise … to constitutionalize a harm of the type [the plaintiff] has suffered would be to open a Pandora's box of claims under 42 U.S.C. § 1983, a step we are unwilling to take." *Lambert*, 517 F.3d at 445.   Thus, as in *Lambert*, Shelton's allegation that his identifying information has been released does not state a claim for violation of rights protected under the Fourteenth Amendment for which he may pursue a claim under 42 U.S.C. § 1983. *Id*. at 436.

For the reasons outlined above, it is hereby

**ORDERED** that Shelton's Complaint [Record No. 3] is **DISMISSED** and this matter is **STRICKEN** from the Court's docket.

Dated: August 11, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky